IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANDOLPH S. KOCH

    v.                     :   Civil Action No. DKC 12-1590

UNITED STATES MERIT SYSTEMS
PROTECTION BOARD, et al.

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case is the motion to dismiss filed by Defendants United States Merit Systems Protection Board ("MSPB") and Susan Grundmann, Chairperson of the MSPB. (ECF No. 9). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

I.   **Background**

Unless otherwise noted, the facts outlined here are taken from the complaint and construed in the light most favorable to Plaintiff. (ECF No. 1). In December 1990, Plaintiff Randolph Koch suffered a heart attack. In December 1991, he was hired as a financial analyst for the United States Securities and Exchange Commission ("SEC") until he was removed from that position in October 2009. Plaintiff alleges that during the course of his employment, the SEC refused to grant necessary

accommodations to allow him to participate in his cardiac rehabilitation and otherwise failed to address his medical needs. In 1998, Plaintiff was diagnosed with multiple sleep disorders, and requested a work schedule to accommodate his fatigue and difficulty waking in the morning. The SEC accommodated Plaintiff's condition in limited fashion, but Plaintiff nonetheless had a difficult time arriving to work at his required start time. To make up for this deficiency, Plaintiff often worked extra hours in the evening. In the following years, Plaintiff made additional requests for flexible work time accommodations, which were denied.

In late 2007, Plaintiff's health continued to decline, and his doctors required him to enter cardiac rehabilitation at Suburban Hospital in Bethesda. Plaintiff made an additional request for accommodation and provided medical documentation to support the request. Because the SEC refused this request, Plaintiff was forced to discontinue the rehabilitation program. Seven months after discontinuing this program, Plaintiff was hospitalized with blood clots in his lungs. In the weeks following his hospitalization, Plaintiff requested that he be permitted to work from home. The SEC denied this accommodation. In May 2009, Plaintiff was again hospitalized after a severe fall.

On June 15, 2009, the SEC proposed to remove Plaintiff, based on four charges: (1) falsely reporting work hours; (2) excessive absence without leave; (3) failure to follow his tour of duty; and (4) inappropriate use of official time. (ECF No. 9-3, at 2).[1] On October 6, 2009, the director of the division of investment management sustained all four charges and removed Plaintiff from his job. (*Id*.). Plaintiff filed a complaint with the SEC alleging that his removal was discriminatory. He then filed an administrative appeal with the MSPB.

While the appeal was ongoing, Plaintiff suffered additional medical emergencies requiring hospitalization. Plaintiff's doctors required that he not leave home except for medical appointments. He was therefore unable to assist his attorneys with discovery related to his appeal. On June 18, 2010, Plaintiff requested that his appeal be dismissed without prejudice. (ECF No. 9-4). The Administrative Law Judge ("ALJ") handling his appeal refused the request. The ALJ noted that the

---

[1] "[W]hen a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). It is also appropriate to take judicial notice of — and consequently consider — matters of public record in deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

hearing to adjudicate the appeal was scheduled for July 26, 2010, and that Plaintiff's physician only required him to remain home until July 1, 2010, leaving him twenty-five days to participate in pretrial discovery and help his attorneys prepare for the hearing. On July 6, 2010, Plaintiff filed a renewed request for dismissal without prejudice and a proposed refiling date of September 14, 2010. (ECF No. 9-5). The ALJ noted that Plaintiff's evidence in support of his renewed motion — consisting of additional evidence of his hospital admission in May 2010 — failed to demonstrate that circumstances changed to require dismissal. She further noted that Plaintiff's diagnoses were chronic, and that he had not shown any reason why he would be better suited to participate in the hearing on September 14 rather than July 26. (*Id.*). After seeking reconsideration of this decision, Plaintiff withdrew his request for a hearing. (ECF Nos. 9-6 & 9-7).

On August 12, 2010, the ALJ issued a decision affirming the SEC's removal of Plaintiff. (ECF No. 9-3). She also noted that Plaintiff was not entitled to dismissal of his appeal without prejudice to refiling, because although Plaintiff is disabled, he does not meet the regulatory definition of "qualified individual with a disability" because the modification that he requested — dismissal without prejudice to refiling — "would result in a fundamental alteration of the appeals process."

(*Id.* at 19).  She further noted that an appeal may be dismissed only in the discretion of the ALJ, that the parties were granted a thirty day suspension of the appeal to exchange discovery, and that a further extension would create a new procedural option to circumvent the rules of the MSPB.  (*Id.* at 20).  Lastly, she again refused to grant the dismissal because Plaintiff produced no medical evidence to demonstrate that his circumstances had changed.  On October 12, 2010, Plaintiff filed a petition for review of the initial decision, challenging the merits and alleging that the ALJ discriminated against him by denying his requests for dismissal without prejudice.  (ECF No. 9-8).  On November 14, the full board of the MSPB issued a final order affirming the ALJ's decision, specifically holding that the ALJ did not abuse her discretion in declining to dismiss his appeal. (*Id.*).

On December 21, 2011, Plaintiff filed a *pro se* petition with the United States Equal Employment Opportunity Commission ("EEOC") for review of the MSPB final order.  (ECF No. 9-9). Again, he challenged both the merits of the decision and the alleged discrimination on the part of the ALJ.  On October 26, 2012, the EEOC concurred with the MSPB's decision, but did not specifically address the ALJ's decision to decline Plaintiff's request for dismissal.  (*Id.* at 3).

On May 29, 2012, Plaintiff filed a *pro se* complaint in this court alleging that by refusing to grant his request for dismissal without prejudice to refiling, the ALJ discriminated against him on the basis of disability, religion, gender, and age. (ECF No. 1). Plaintiff also alleges that the ALJ's decision amounted to discriminatory retaliation, because he previously filed a complaint against the MSPB for its alleged failure to provide an accommodation that would allow him to participate fully in the MSPB proceedings. On December 7, 2012, Defendants filed a motion to dismiss for, among other things, lack of subject matter jurisdiction. (ECF No. 9). On December 11, 2012, Defendants notified the court and Plaintiff of the Supreme Court's decision in *Kloeckner v. Solis*, --- U.S. ----, 133 S.Ct. 596 (2012), which was issued three days after Defendants filed their motion, and rendered their arguments regarding subject matter jurisdiction moot. (ECF No. 11). On March 15, Plaintiff opposed Defendants' motion (ECF No. 19), and on April 10, 2013, Defendants filed a reply (ECF No. 22).

## II. Standard of Review

Although Defendants initially filed their motion pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, the parties agree that their jurisdictional arguments are moot. Defendants' remaining arguments are properly considered under Rule 12(b)(6). The purpose of a motion to dismiss under Rule

12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co*., 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any

reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. Analysis

Plaintiff challenges the adverse decision of the MSPB and Chairperson Grundmann in her official capacity, alleging discrimination by the ALJ who handled his case. Plaintiff alleges that Defendants directly discriminated and retaliated against him in violation of the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"). (ECF No. 1).

None of these statutes, however, create a cause of action against the MSPB for the actions of an ALJ during the adjudication of a case. *See Woodruff v. McPhie*, 383 F.App'x 5, 6 (D.C.Cir. 2010) (collecting cases and holding that claims for discrimination under Title VII and the ADEA may not be brought against the MSPB for the actions of an ALJ acting in an adjudicatory capacity); *see also* 29 U.S.C. § 794a(a)(1) (stating that the procedural requirements for Title VII cases apply to claims brought under section 501 of the Rehabilitation Act); *Georator Corp. v. EEOC*, 592 F.2d 765, 769 (4th Cir. 1979) (affirming dismissal of complaint against the EEOC for lack of subject matter jurisdiction because Title VII does not create a cause of action against the EEOC for its investigation of a charge). Rather, any claim that Plaintiff has with respect to

discrimination under Title VII, the ADEA, or the Rehabilitation Act is against his former employer, the SEC.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants Susan Grundmann and the MSPB will be granted. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
